IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WAYNE AARON WALSH                                                          PLAINTIFF

v.                              Civil No. 6:17-cv-06076

HOT SPRING COUNTY DETENTION
CENTER; SERGEANT MORROW,
Jail Administrator, Hot Spring County
Detention Center; SHERIFF ED
HOLLINGSWORTH, Sheriff, Hot
Spring County Sheriff's Department;
and COUNTY JUDGE BILL SCRIMSHIRE                          DEFENDANTS

## ORDER

Before the Court is Plaintiff Wayne Aaron Walsh's failure to prosecute this case by failing to inform the Court of his current address. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* in the Eastern District of Arkansas on October 11, 2016. (ECF No. 1). Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP") with his Complaint. On April 4, 2017, Plaintiff filed an Amended Complaint (ECF No. 6) and again failed to submit an IFP applicaion. On April 17, 2017, Plaintiff notified the Clerk for the Eastern District that he was no longer incarcerated and had moved to Malvern, Arkansas. (ECF No. 7).

On August 21, 2017, the case was transferred to the Western District of Arkansas, Hot Springs Division. (ECF No. 9). On September 21, 2017, this Court entered an order directing Plaintiff to submit an IFP application and file an Amended Complaint by October 6, 2017, to clarify his claims. (ECF No. 11). On September 29, 2017, the order sent to Plaintiff was returned as undeliverable. Plaintiff's last communication with the Court was on April 17, 2017, when he informed the Court of his change of address. (ECF No. 7).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused

1

from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 20th day of November, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge